UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SANDRA LORRAINE RAMIREZ,<br><br>Plaintiff,<br><br>v.<br><br>COMMISSIONER OF SOCIAL SECURITY,<br><br>Defendants. | Case No. 1:21-cv-00578-EPG<br><br>ORDER GRANTING UNOPPOSED MOTION FOR ATTORNEY'S FEES PURSUANT TO EQUAL JUSTICE ACT 28 U.S.C. § 2412(d)<br><br>(ECF No. 24). |

On January 23, 2023, Attorney Jonathan Pena, counsel for Plaintiff Sandra Lorraine Ramirez, filed a motion for an award of attorney's fees under the Equal Access to Justice Act (EAJA), 28 U.S.C. § 2412(d). (ECF No. 24). On January 24, 2023, the Court ordered the Commissioner to file an opposition or statement of non-opposition to Plaintiff's request for EAJA fees by no later than February 22, 2023. (ECF No. 25).  Plaintiff and the Commissioner of Social Security were each served with a copy of the motion. (ECF No. 26; ECF No. 24, p. 7). Neither Plaintiff nor the Commissioner have filed an objection or other response to the motion.

For the reasons set forth below, the motion for an award of attorney's fees is GRANTED in the amount of $9,205.98.

**I.     BACKGROUND**

Plaintiff filed the complaint in this case on April 7, 2021. (ECF No. 1). The parties

consented to this case proceeding before the undersigned. (ECF No. 11). After Plaintiff filed her opening brief, the parties' filed a stipulation for voluntary remand pursuant to Sentence Four of 42 U.S.C. § 405(g). (ECF No. 20). On October 25, 2022, the Court issued an order approving the parties' stipulation and entering judgment in favor of Plaintiff. (ECF No. 22).

This matter is now before the Court on Plaintiff's counsel's motion, seeking an award of $9,205.98. (ECF No. 24, p.1). In support of this amount, counsel provides an itemized list of hours billed. (ECF No. 24-1). Additionally, counsel requests that "[i]f the Plaintiff has no debt registered with the Department of Treasury subject to offset that the fees be made payable to the attorney" pursuant to the written fee agreement between Plaintiff and Plaintiff's counsel. (*Id.* at 6; *see* ECF No. 24-2).

**II.  DISCUSSION**

The Equal Access to Justice Act provides:

> Except as otherwise specifically provided by statute, a court shall award to a prevailing party other than the United States fees and other expenses, in addition to any costs awarded pursuant to subsection (a), incurred by that party in any civil action (other than cases sounding in tort), including proceedings for judicial review of agency action, brought by or against the United States in any court having jurisdiction of that action, unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust.

28 U.S.C. §2412(d)(1)(A).

A.   The Commissioner's Position was not "Substantially Justified"

The government has the "burden to show that its position was substantially justified." *Meier v. Colvin*, 727 F. 3d 867, 870 (9th Cir. 2013). The government's position includes both its "litigation position and the underlying agency action giving rise to the civil action." *Id.* Thus, if the underlying agency action, here the ALJ's determination, was not substantially justified, an award of attorney fees is warranted. *Id.* at 872 ("Because the government's underlying position was not substantially justified, we need not address whether the government's litigation position was justified."). And, even if the government's position at the agency level was substantially justified, attorney fees are still warranted if the government's subsequent litigation position was not substantially justified. *Id.*

"Substantial justification means justified in substance or in the main−that is, justified to a

degree that could satisfy a reasonable person." *Id.* (internal quotation marks and citation omitted). Put differently, to be substantially justified, "the government's position must have a reasonable basis both in law and fact." *Id.* (internal quotation marks and citation omitted).

Here, the Commissioner has not opposed nor otherwise responded to counsel's motion for attorney fees. Moreover, the Commissioner filed a voluntary stipulation for remand, indicating that the Commissioner's position was not substantially justified. *See Ulugalu v. Berryhill*, No. 17-CV-01087-GPC-JLB, 2018 WL 2012330, at *3 (S.D. Cal. Apr. 30, 2018) (finding the Commissioner did not demonstrate substantial justification for her position where she filed a voluntary stipulation for remand and the matter was referred to an administrative law judge to make a new determination as to the plaintiff's disability). Accordingly, the Court finds that Plaintiff is entitled to EAJA fees, provided that such fees are reasonable.[1]

B.      Reasonableness of Plaintiff's Requested Attorney Fees

Under the EAJA, attorney fees must be reasonable. 28 U.S.C. § 2412(d)(1)(A); *Perez–Arellano v. Smith*, 279 F.3d 791, 793 (9th Cir. 2002). By statute, hourly rates for attorney fees under the EAJA are capped at $125 per hour, but district courts are permitted to adjust the rate to compensate for increases in the cost of living. *Sorenson v. Mink*, 239 F.3d 1140, 1145 (9th Cir. 2001) ("On March 29, 1996, the statute was amended to increase the maximum fee to $125 per hour, plus any 'cost of living' and 'special factor' adjustments. The $125 per hour cap applies to cases commenced on or after March 29, 1996."). In the Ninth Circuit, the statutory maximum EAJA rates for the years at issue, 2020 and 2022, are $207.78 (2020) and $234.95. *See Statutory Maximum Rates Under the Equal Access to Justice Act*, U.S. Courts for the Ninth Circuit, https://www.ca9.uscourts.gov/attorneys/statutory-maximum-rates/ (last visited February 27, 2023).

Determining a reasonable fee "requires more inquiry by a district court than finding the 'product of reasonable hours times a reasonable rate.'" *Atkins v. Apfel*, 154 F.3d 986, 988 (9th Cir. 1998) (quoting *Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983)). The district court must

---

[1] The government also bears the burden of demonstrating that no special circumstances exist that make the award unjust. 28 U.S.C. § 2412(d)(1)(A). The special circumstance exception applies when the case involves a novel but credible interpretation of the law, an issue on which reasonable minds could differ, or an important and doubtful question. *Grayson Elec. Co. v. NLRB, 951 F.2d 1100, 1103 (9th Cir. 1991)*. Since no opposition was filed by the Commissioner, the Court finds that there are no special circumstances that would make an award of fees unjust.

3

consider "the relationship between the amount of the fee awarded and the results obtained." *Id.* at 989. Counsel for the prevailing party should exercise "billing judgment" to "exclude from a fee request hours that are excessive, redundant, or otherwise unnecessary," as a lawyer in private practice would do. *Hensley*, 461 U.S. at 434; *see also Moreno v. City of Sacramento*, 534 F.3d 1106, 1111 (9th Cir. 2008) ("The number of hours to be compensated is calculated by considering whether, in light of the circumstances, the time could reasonably have been billed to a private client.").

The Court must "provide a concise and clear explanation of the reasons" for its attorney award calculation. *Hensley*, 461 U.S. at 433; *Sorenson*, 239 F.3d at 1145. A court has wide latitude in determining the number of hours reasonably expended and may reduce the hours if the time claimed is excessive, redundant, or otherwise unnecessary. *Cunningham v. County of Los Angeles*, 879 F.2d 481, 484 (9th Cir. 1988). "Hours that are not properly billed to one's client are not properly billed to one's adversary pursuant to statutory authority." *Hensley*, 461 U.S. at 434. The applicant bears the burden of demonstrating the reasonableness of the fee request. *Blum v. Stenson*, 465 U.S. 886, 897 (1984).

Here, Plaintiff requests an hourly rate of $207.78 and $231.49, which is within the maximum statutory rates of $207.78 (2020) and $234.95 (2022). (ECF No. 24, p. 4). Plaintiff requests compensation for a total of 40.3 hours of work performed (2.75 hours of work in 2020 and 37.3 hours of work in 2022). (*See* ECF No. 24-1, p. 2). Multiplying the applicable hourly rates by the hours worked yields a total of $9,205.98. The Commissioner does not contest the hourly rate, and the Court finds it to be reasonable in light of the quality of counsel's work and results obtained for Plaintiff. *See Guzman v. Comm'r of Soc. Sec.*, No. 20- CV-0468-KJN, 2021 WL 2534462, at *4 (E.D. Cal. June 21, 2021) (finding a total of 38 hours for counsel spent prosecuting the Social Security appeal to be reasonable in a case where, as here, the parties agreed to a sentence-four remand); *Costa v. Comm'r of Soc. Sec. Admin.*, 690 F.3d 1132, 1136 (9th Cir. 2012) (noting that "[m]any district courts have noted that twenty to forty hours is the range most often requested and granted in social security cases")

//

//

### III. CONCLUSION AND ORDER

Based on the foregoing, IT IS HEREBY ORDERED that:

1. Plaintiff's motion for attorney's fees (ECF No. 24) is GRANTED;
2. Attorney fees and expenses in the amount of $9,205.98 pursuant to the Equal Access to Justice Act, 28 U.S.C. § 2412(d) are awarded to Plaintiff.
3. If the U.S. Department of the Treasury determines that Plaintiff's EAJA fees, expenses, and costs are not subject to offset allowed under the Department of the Treasury's Offset Program (TOPS), then the check for EAJA fees, expenses, and costs shall be made payable to Plaintiff's counsel's firm, Peña & Bromberg, PLC 2440 Tulare St., Suite 320 Fresno, CA 93721.

IT IS SO ORDERED.

Dated:  **February 27, 2023**         /s/ Erica P. Grosjean
                                                 UNITED STATES MAGISTRATE JUDGE